MR. JUSTICE MORRISON,
dissenting:
The issue in this case is not whether the Catholic school officials have a right to set conditions of employment for teachers respecting the discipline of students. Of course they do. To deny the churches the right to afford a complete religious instruction, and the means to assure that the student receives the instruction, would be an unconstitutional infringement upon free exercise of religion.
Plaintiff’s case here does not involve the teaching of religion. Plaintiff’s case is premised upon the fact that she was denied due process in connection with her termination. She was not afforded an opportunity to change. She was not given a hearing in which she could explain her position. Although the church is entitled to set whatever standards it wants respecting and imparting religious education to its students, the law does require that certain fair procedures are necessary in order to accord due process.
The dismissed teacher here takes the position that she was an excellent teacher, disciplined the students, and the complaints lodged against her are false. She only asks for a hearing to explain her position. The denial of this opportunity does not promote free exercise of religion; rather it denies due process rights and the legal protection of the covenant of good faith and fair dealing to the plaintiff.
This case represents another example of this Court engaging in “bottom line” decision making without careful legal analysis of the issues. I sense an attitude on the part of the majority that says, “The courts have no business interfering in the churches’ business”. Although that may be true when dealing with religious instruction the principle has no application to a claim that a teacher was denied procedural due process and therefore the covenant to deal fairly and in good faith was breached.
I would reverse and remand for trial.